UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTE HERNANDEZ,<br><br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Civil No.: 3:16-cv-02962-GPC<br>Criminal No.: 3:12-cr-00236-GPC-34<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, MODIFY, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>**[ECF No. 2]** |

  On March 15, 2013, United States District Judge Irma E. Gonzalez sentenced Petitioner Janette Hernandez ("Petitioner") to 120 months of imprisonment and 5 years of supervised release based on her guilty plea for conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). (Dkt. No. 953; Dkt. No. 965 at 1–3.) Petitioner now brings this motion to vacate, modify, or correct her sentence pursuant to 28 U.S.C. § 2255 ("§ 2255") based on Amendment 794 to United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2.

  For the following reasons, this Court **DENIES** Petitioner's motion to vacate, modify, or correct her sentence.

## BACKGROUND

  On July 27, 2012, Petitioner Janette Hernandez signed a plea agreement, pleading

guilty to participating in a conspiracy or agreement of an enterprise, the Mexican Mafia, through a pattern of racketeering with knowledge of the enterprise's purpose. (Dkt. No. 606 at 2.) Petitioner signed the agreement with the advice and consent of counsel and waived her right to collaterally attack her conviction or sentence. (Dkt. No. 606 at 10.) Following the recommendation provided by the United States Probation Office in the Pre-Sentence Report, (Dkt. No. 695 at 19), Judge Gonzalez sentenced Petitioner to 120 months of imprisonment and 5 years of supervised release, (Dkt. No. 953; Dkt. No. 965 at 2–3).

Petitioner has previously filed two motions to reduce her sentence. First, on May 29, 2015, Petitioner, proceeding *pro se*, filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582 ("§ 3582") based on Amendment 782 to the U.S.S.G. (Dkt. No. 1850 at 1.) This motion was denied because making such an adjustment would not affect the final sentencing offense level under U.S.S.G. 3D1.4(b), and thus the sentencing guideline calculations would not change. (Dkt. No. 2011 at 2.) Second, on May 19, 2016, Petitioner, proceeding *pro se*, filed a motion to reduce her sentence pursuant to § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Dkt. No. 1955.) This motion was also denied because *Johnson* would have had no bearing on the sentencing adjustments made by the sentencing judge. (Dkt. No. 1958 at 2.)

On December 6, 2016, Petitioner, proceeding *pro se*, brought this motion to vacate, modify, or correct her sentence pursuant to § 2255 based on Amendment 794 to U.S.S.G. § 3B1.2. (Dkt. No. 2026.) Petitioner argues that, based on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), Amendment 794 should be applied retroactively for a minor role reduction. (Dkt. No. 2026 at 1.) Respondent United States then filed its response in opposition to Petitioner's motion to vacate, claiming that (1) this motion to reduce the sentence cannot be brought under § 2255; (2) even if the motion was properly brought under § 3582, Amendment 794 cannot be applied retroactively; and (3) Petitioner's plea agreement included a waiver of her right to collaterally attack her sentence. (Dkt. No. 2035.)

# DISCUSSION

## I. 28 U.S.C. § 2255 Motion

Petitioner is arguing for a retroactive reduction to her sentence under 28 U.S.C. § 2255 based on Amendment 794 to U.S.S.G. § 3B1.2. Section 2255, though, provides that a federal prisoner seeking relief from a custodial sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence" only on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783–84 (1979) (internal citation and quotation marks omitted).

Petitioner's assertion, here, does not involve violations of the Constitution or laws of the United States, a lack of jurisdiction, or a sentence in excess of authorized maximums. Thus, because Petitioner has not alleged any fundamental defect resulting in the miscarriage of justice, a § 2255 claim cannot be used to apply Amendment 794.

## II. Applying Amendment 794 Retroactively

A claim regarding Amendment 794 can instead be brought under 18 U.S.C. § 3582(c), as a motion to reduce Petitioner's sentence. Therefore, because *pro se* filings are to be construed liberally, Petitioner's claim will be construed as an allegation under § 3582. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Ninth Circuit found that the language of Amendment 794 implied that it was intended to be a clarifying amendment. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (finding in part that Amendment 794 could be applied retroactively on direct appeal because it was a clarifying amendment). However, clarifying amendments cannot be applied retroactively when it comes to § 3582 claims.

*See United States v. Stokes*, 300 F. App'x. 507, 508 (9th Cir. 2008) ("[E]ven if the amendment at issue were a 'clarifying amendment' that applied retroactively, such retroactive calculation could only occur in the context of a direct appeal or a 28 U.S.C. § 2255 petition, and not in a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c).").

Other district courts have also generally used this same reasoning and refused to apply Amendment 794 retroactively. *See, e.g.*, *United States v. Yanez*, No. 16-CV-1964-LAB, 2016 WL 4248541, at *1 (S.D. Cal. Aug. 11, 2016) ("Amendment 794 is not retroactive for purposes of a § 3582 motion."); *United States v. Sprouse*, No. 2:12-CR-122, 2017 WL 218376, at *2 (E.D. Tenn. Jan. 18, 2017); *United States v. Collins*, No. 2:14–CR–368, 2016 WL 6835063, at *1 (S.D. Tex. Nov. 21, 2016) (finding that Amendment 794 was not listed under § 1B1.10 of the Sentencing Guidelines as eligible for retroactive effect, and thus not intended to be applied retroactively). Therefore, even if Petitioner's claim were construed as a § 3582(c) motion, Amendment 794 cannot be applied retroactively because it is clarifying amendment.

### III. Waiver of Right to Collaterally Attack Sentence

Furthermore, Petitioner signed a plea agreement that waived all her rights to collaterally attack either her conviction or sentence. Plea agreements are contracts that must be reviewed under contract law standards. *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir. 1990). A court should uphold a plea agreement unless the criminal defendant that pleaded guilty could not reasonably have understood the terms of the agreement. *United States v. De la Fuente*, 8 F.3d 1333, 1337–38 (9th Cir. 1993) (internal citations omitted). Waivers that are made voluntarily and knowingly by a criminal defendant are enforceable and do not violate the Constitution. *United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990). A criminal defendant may thus lawfully waive her right to collaterally attack her sentence, and such waivers are enforceable subject only to a narrow range of exceptions. *Garcia-Santos v. United States*, 273 F3.d 506 (2d Cir. 2001).

Here, the plea agreement evidences that Petitioner reasonably understood the terms of the agreement, and thus it was enforceable. First, Petitioner initialed the bottom of each page of the plea agreement. (Dkt. No. 606.) Furthermore, she signed that she fully understood and was satisfied with the agreement and had discussed it with counsel. (Dkt. No. 606 at 12.) Petitioner also signed that the written plea agreement embodied the entire agreement and could not be modified except through writing, further evidencing that this was reasonably understood to be final. (Dkt. No. 606 at 11).

Through the plea agreement, Petitioner agreed, in relevant part that "[i]n exchange for the United States' concessions in this plea agreement, Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order." (Dkt. No. 606 at 10.) Therefore, because the plea agreement is enforceable, Petitioner's waiver of her right to collaterally attack her sentence is also enforceable. Thus, even if Petitioner's § 2255 motion were viable, Petitioner waived her right to bring such a claim.

### IV. Evidentiary Hearing

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must hold an evidentiary hearing on the merits of a § 2255 motion. 28 U.S.C. § 2255(b). The Ninth Circuit has explained the "standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam). Therefore, an evidentiary hearing is unnecessary if the allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (internal quotation marks omitted).

Petitioner failed to allege a § 2255 claim because in applying Amendment 794, Petitioner did not assert a constitutional, jurisdictional, or other fundamental defect that inherently resulted in a miscarriage of justice. Furthermore, even in asserting a § 3582 claim, Petitioner did not state a claim because Amendment 794 could not be applied

retroactively. Accordingly, Petitioner's claims do not merit holding an evidentiary hearing.

### V. Certificate of Appealability

Under AEDPA, a prisoner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). The district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, Petitioner has not substantially shown a denial of a constitutional right. Accordingly, this Court *sua sponte* **DENIES** granting Petitioner a certificate of appealability.

### CONCLUSION

For the foregoing reasons, this Court **DENIES** Petitioner's motion to vacate, modify, or correct her sentence pursuant to Amendment 794 to U.S.S.G. § 3B1.2 under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated: June 7, 2017

Hon. Gonzalo P. Curiel
United States District Judge